In re Bob DESMOND, Debtor.

Bob Desmond, Plaintiff,

v.

ASR Acquisition Corp., and Joseph Freeman, Defendants.

Bankruptcy No. 03–13878–MWV.
Adversary No. 04–1107–MWV.

United States Bankruptcy Court,
D. New Hampshire.

Nov. 23, 2005.

William S. Gannon, Esq., William S. Gannon PLLC, Attorney for Plaintiff.

William B. Pribis, Esq., Cleveland, Waters & Bass, P.A., Attorney for Defendants.

Gregory A. Moffett, Esq., McCaffrey & Moffett PLLC, Attorney for party in interest Jacqueline Desmond.

### MEMORANDUM OPINION AND ORDER

MARK W. VAUGHN, Chief Judge.

The Court has before it the Plaintiff's "Motion to Alter, Amend or Reconsider Order and Memorandum Opinion Dated September 12, 2005." On October 4, 2005, the Defendant, ASR Acquisition Corp. ("ASR"), filed its opposition to the motion. On October 5, 2005, the Chapter 7 trustee filed a motion to join in the Plaintiff's motion.

#### JURISDICTION

While the motion refers to the September 12 opinion generally, the motion only seeks reconsideration of a portion of that opinion, specifically the dismissal of Count IV, the denial of the Plaintiff's request to amend the complaint to add a Count VII, and the Court's decision to abstain from hearing Counts XI and XII. The motion did not seek reconsideration of the Court's dismissal of Counts V and VI and the Court's denial of the Plaintiff's request to amend the complaint to include Counts VIII, IX and X.

## DISCUSSION

The Court first finds that the motion brought pursuant to Federal Rule of Bankruptcy Procedure 7052, which adopts Federal Rule of Civil Procedure 52, is not timely filed. Rule 9006 prohibits the enlargement of time under Rule 7052. The Court's opinion and order was docketed on September 12, 2005. Federal Rule of Bankruptcy Procedure 7052 requires that the motion be brought "no later than 10 days after entry of judgment." In the instant case, the motion was filed and docketed on September 23, 2005, more than ten days after the Court's judgment was docketed. Since the motion was not timely filed, it must be denied on that ground.

Alternatively, the Court has also reviewed its September 12, 2005, opinion with respect to the issues raised by the Plaintiff. Based on that review, the Court finds that its findings are supported by the record and denies the Plaintiff's motion to alter, amend or reconsider those findings.

## CONCLUSION

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

DONE and ORDERED.